(C. D. 1510)

SHELL OIL CORP., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 18, 1953)

*Sharretts, Paley & Carter* (*Howard C. Carter* of counsel) for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

JOHNSON, Judge: The merchandise at issue in this case consists of a certain grease invoiced as "100 x 1 oz tubes Apiezon grease 'N'." The collector assessed duty thereon at the rate of 20 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930 as a nonenumerated manufactured article. The plaintiff claims that the merchandise is entitled to free entry under paragraph 1733 or under paragraph 1710.

The provisions of the tariff law in question read as follows:

PAR. 1558. That there shall be levied, collected, and paid * * * on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

PAR. 1733 [Free list]. Oils, mineral: Petroleum, crude, fuel, or refined, and all distillates obtained from petroleum, including kerosene, benzine, naphtha, gasoline, paraffin, and paraffin oil, not specially provided for.

PAR. 1710 [Free list]. Limestone-rock asphalt; asphaltum and bitumen.

The evidence consists of a deposition of Godfrey Burrows, a mechanical engineer who assisted in the development of Apiezon grease "N," in answer to interrogatories and cross-interrogatories propounded to him pursuant to a commission issued by this court. The affiant stated that said merchandise is produced by mixing the residue fraction from high-vacuum distillation of petrolatum with natural rubbers in high-vacuum conditions and that the cost of the petroleum fraction, including the costs of materials, labor, and overheads, to bring it into condition ready to be united with the natural rubber, is 33 s. per pound of Apiezon grease "N," while the cost of the natural rubber, including the cost of materials, labor, and overheads, to bring it into condition ready to be united with the petroleum fraction, is 2½ d. per pound of Apiezon grease "N."

The affiant further stated that the Apiezon grease "N" is a mixture of petroleum hydrocarbons with rubber, which is also essentially a hydrocarbon; that it is combustible, with the production of very little smoke, and is soluble in carbon disulphide; and that one charge of Apiezon grease "N" is made with 7 pounds of the residue fraction from high-vacuum distillation of petrolatum and 3 ounces of blanket crepe rubber mixed together. According to the affiant, the Apiezon grease "N" so produced is similar in mechanical properties to a petroleum jelly, but has somewhat of a plastic nature due to the addition of rubber. The affiant stated that it is used for sealing joints of high-vacuum apparatus and, due to its rubbery nature, is particularly suitable as a lubricant and sealing medium for glass taps.

Counsel for the plaintiff contends that the merchandise is properly free of duty under paragraph 1733, as petroleum, refined, or as a distillate of petroleum, by virtue of paragraph 1559, inasmuch as the petroleum jelly has been shown to be the component material of chief value. It is further contended that as the merchandise is composed of the residue fraction from high-vacuum distillation of petroleum (free of duty under paragraph 1733) and crude rubber (free of duty under paragraph 1697), it is free of duty under either paragraph 1733 or 1697. It is argued also that the merchandise is free under paragraph 1733, as the rule of *de minimis non curat lex* is applicable by reason of the small amount of rubber present, citing *B. Westergaard & Co.* v. *United States*, 19 C. C. P. A. (Customs) 299, T. D. 45469. In that case, the court stated that in view of the small percentage of potato flour present its quantity was insufficient to give the involved fish cakes and balls the character of vegetables with fish within the purview of paragraph 733, Tariff Act of 1922.

Counsel for the plaintiff further contends that the merchandise is

free of duty under paragraph 1710 as bitumen, which Webster defines originally as including mineral pitch or asphalt, but now including "any of a number of inflammable mineral substances consisting mainly of hydrocarbons."

The Apiezon grease type "N" in question cannot be regarded as petroleum, refined, nor as a distillate of petroleum. It is something more than a distillate of petroleum, for the reason that it is admitted to be a combination of the residue fraction from high-vacuum distillation of petrolatum and a natural rubber. Nor is the merchandise free of duty because it is composed of two duty-free articles, for the reason that the rubber component therein changes the characteristics of the petroleum distillate into an article with neither the properties of rubber nor petroleum distillate. The rule of *de minimis non curat lex* would not apply to such a mixture as we have here before us, particularly for the reason that the characteristics of the petroleum distillate have been changed by the combination with the rubber, giving it a new name, Apiezon grease type "N," a plastic nature not possessed by petroleum distillate, and a new use for which the petroleum distillate would not be adaptable.

As pointed out by Government counsel, the merchandise is not entitled to free entry under the provisions of paragraph 1559, inasmuch as by the very nature of the paragraph duty-free articles are excluded. Paragraph 1559 provides that "on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value."

The plaintiff's contention that the merchandise is free of duty as bitumen under paragraph 1710 cannot be sustained. The definition of bitumen, cited by counsel for the plaintiff, confines the article to either mineral pitch or other mineral substances consisting mainly of hydrocarbons. The merchandise at issue herein is a combination of a mineral and a vegetable substance, crude rubber. Such a combination under the common meaning of the term is excluded from paragraph 1710.

For the reasons stated, judgment will be entered in favor of the Government.